# STONBERG MORAN, LLP

Attorneys at Law
505 Eighth Avenue, Suite 2302
New York, New York   10018
Phone: (212) 231-2220
Fax: (646) 349-3528
www.stonbergmoran.com

September 16, 2020

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre St.
New York, NY 10007

      Re:        The Charter Oak Insurance Company v. New York Marine and General Insurance Company
      Docket:   1:20-cv-02911-JMF
      Our File:  40238

Dear Hon. Furman:

    Our offices have been retained to represent New York Marine and General Insurance Company ("NYM") in the above noted matter.  The purpose of this letter is to request an extension of the discovery schedule and to submit a letter motion regarding a discovery dispute as per Local Rule 37.2 and this Court's rules. This is the first request for an extension of discovery in this matter.

    I attach hereto an email between counsel for Charter Oak Insurance Company ("Charter Oak") and myself which shows the attempts to resolve the discovery disputes that have arisen (Exhibit "A" hereto).

    NYM respectfully submits that this letter is timely filed because NYM received written discovery responses from Charter Oak on August 31, 2020 and Charter Oak's Privilege Log on September 9, 2020 and NYM has been trying to resolve the disputes detailed within without court intervention for the past two weeks.

    **1. Discovery Dispute**

    At the outset, the parties have a discovery dispute regarding the production of the Charter Oak underwriting file, which we have been unable to resolve.  Therefore, by way of this letter, we request that this Court schedule an informal conference to address the dispute.

    For background, this matter involves a request that NYM, which issued an insurance policy to 834 7th Ave., LLC, d/b/a the Stagecoach ("Stagecoach") provide additional insured coverage to Acadia Realty, LLC, ("Acadia"), which was insured by Charter Oak, for an accident that occurred on November 25, 2016, when Jeffrey Holmes ("Holmes") alleges that he tripped and fell on a wrought iron fence and/or tree well guard on 7th Avenue, between 53rd and 54th streets in New

York, NY ("Accident"); and a suit filed by Holmes against Acadia and Stagecoach ("Underlying Suit").

Importantly, in the within suit filed by Charter Oak, Acadia is not named as a party. In its complaint, Charter Oak alleges that it issued a policy of insurance to Acadia and that it is defending Acadia in the Underlying Suit. Charter Oak does not, however, assert that it has agreed to indemnify Acadia for the Accident and in the Underlying Suit. Yet, Charter Oak seeks a declaration that NYM must defend and indemnify Acadia for the Accident and in the Underlying Suit. If Charter Oak has no obligation to indemnify Acadia, then it has no standing nor any right to seek the declaration it seeks. *See, e.g., Merchants Mut. Ins. Group v. Charter Oak Ins. Co,*, 24 A.D.3d 179 (4th Dept. 2005). While Charter Oak provided a copy of its insurance policy issued to Acadia, Charter Oak has not produced any documents indicating that it has agreed to indemnify Acadia in the Underlying Action. NYM therefore demanded the underwriting file to determine if the underwriting file contained any documents, such as loss runs or communications between Charter Oak's claims department and its underwriting department, regarding whether Charter Oak agreed to indemnify Acadia for the Accident.

In addition, the coverage issue in the within suit require a determination of whether the trip and fall arose out of "the ownership, maintenance or use of that part of the premises" leased to Stagecoach; and/or whether the trip and fall arose out of "structural alterations" performed by Acadia. Acadia's witness testified in the Underlying Action that the premises located at 834 7th Avenue had both commercial and residential occupancy; and that the residential entrance had metal tree guards placed around trees/tree pits. According to the Acadia witness, the residents wanted the tree pits surrounding the building uniform and therefore a subcontractor of Acadia installed the tree guards. The Acadia witness also testified that after the City removed the tree from the tree well, and after the Accident, Stagecoach covered the tree pit with concrete without permission from Acadia and that Stagecoach needed permission from Acadia because the work constituted a structural alteration. (Depo transcript pages attached hereto as Exhibit B).

As a result of this testimony, NYM demanded the underwriting file to determine if the underwriting file contained any information about whether Charter Oak evaluated the risk associated with the tree well/guard and wrought iron fence and what, if anything, Acadia advised Charter Oak about the tree well guard and wrought iron fence. If for example, Acadia advised Charter Oak that Acadia owned and maintained said tree well guard/wrought iron fence, and Charter Oak took that into consideration when issuing the policy, said information could constitute an admission that Charter Oak knew that Stagecoach and NY Marine did not provide coverage for accidents relating to the tree pit/railing.

As Charter Oak has refused to provide the underwriting file, NYM hereby submits this letter motion requesting that this Court order the discovery.

2. **Extension of Discovery**

As noted above, on September 9, 2020, we received a privilege log identifying the non-disclosed documents. The privilege log did not fully and completely identify the privileged documents in order for NYM to determine if it wished to challenge a privilege and/or request an *in camera* review of the pertinent documents. I emailed counsel for Charter Oak and, on September 11, 2020, counsel for Charter Oak advised me that she would provide an updated privilege log. I have not, to date, received the updated log.

Even assuming that the log is produced by Friday September 18, 2020, I will be unable, because of the Jewish Holidays and my workload, to review the log, determine if there are documents that I believe should be disclosed, meet and confer with counsel for Charter Oak and either resolve the dispute or seek court intervention by September 30, 2020.

In addition, Charter Oak did not initially disclose certain documents (redacted legal bills) when providing their responses. Counsel and I conferred over email and it was agreed that Charter Oak would provide the legal bills. That has not yet happened.

For these reasons, I respectfully request that all of the deadlines in the Scheduling Order be extended by 60 days, to give NYM time to receive and review the disclosed documents, meet and confer with counsel for Charter Oak and then, if necessary, seek court intervention.

We thank the Court in advance for its consideration of this letter motion.

Very truly yours,

Sherri N. Pavloff (SNP 5373)

cc:

Meg Reid, Esq.
Keane & Assoc.
485 Lexington Ave., 6th Floor
New York, NY  10017
Via ECF

---

Application GRANTED, in part.  The discovery deadlines are hereby EXTENDED by 30 days, and the pretrial conference currently scheduled for September 29, 2020, is RESCHEDULED to **November 3, 2020, at 3:30 p.m**. In accordance with the Case Management Plan and the Court's Individual Rules, Plaintiff shall respond to the portion of this letter raising discovery-related disputes **by September 22, 2020**.  The Clerk of Court is directed to terminate ECF No. 19.  SO ORDERED.

September 18, 2020